IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRINAIL BARGAINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRENTLEY INVESTIGATIONS & | ) |
| SECURITY LLC and TONEY FOREMAN, | ) |
| | ) **JURY DEMAND** |
| Defendants. | ) **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Trinail Bargainer ("Plaintiff") alleges as follows for his Complaint against Defendants Brentley Investigations & Security LLC ("Brentley") and Toney Foreman ("Foreman") (collectively "Defendants"):

1. Plaintiff has been an employee for Defendants within the last two years.

2. Brentley is an Ohio limited liability company which did business in Cuyahoga County, Ohio.

3. Brentley's revenues exceed $500,000 per year.

4. Brentley is an enterprise engaging in interstate commerce.

5. Foreman was owner and manager of Brentley during Plaintiff's employment.

6. Foreman acted directly or indirectly in the interest of Brentley in relation to Plaintiff.

7. Foreman had operational control of Brentley.

8. Foreman was involved in the day-to-day operation of Brentley, had direct responsibility for the supervision of Plaintiff, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiff.

9. Foreman had an economic interest in not paying Plaintiff one-and-a-half times his regular rate of pay for hours worked over forty in a workweek.

10. Defendants were the employers of Plaintiff.

11. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

12. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over the parties to this action.

14. Venue is proper in the Northern District of Ohio Eastern Division because Defendant conducted activity in this district and because part of the claim for relief arose in this district.

15. Plaintiff had been working for Defendants on an hourly basis.

16. Within the past three years, Plaintiff performed work for Defendants beyond 40 hours in a week but was not paid overtime wages for that work.

17. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

18. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

**COUNT I**
**UNPAID OVERTIME WAGES**

19. Plaintiff re-alleges each allegation set forth in paragraphs 1-18 above.

20. Plaintiff worked significantly more than forty hours per week for Defendants.

21. Defendants are required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.*

2

22. Defendants were Plaintiff's employer.

23. Despite paying Plaintiff time-and-a-half wages on holidays, Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for any hours worked over a regular forty-hour workweek.

24. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

25. Plaintiff has been damaged by Defendants' non-payment of time-and-a-half overtime wages.

26. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

27. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

### COUNT II
### OHIO PROMPT PAY STATUTE VIOLATION

28. Plaintiff re-alleges each allegation set forth in paragraphs 1-27 above.

29. Brentley is required to make semimonthly payment of wages to Plaintiff pursuant to Ohio Revised Code Section 4113.15.

30. Plaintiff's unpaid time-and-a-half overtime wages have been unpaid for more than thirty days beyond his last regularly scheduled payday.

31. Plaintiff is entitled to liquidated damages in an amount equal to six percent of his unpaid wages, or $200.00 per paycheck, whichever is greater, pursuant to Ohio Revised Code Section 4113.15.

3

**COUNT III**
**CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACT**

32. Plaintiff re-alleges each allegation set forth in paragraphs 1-31 above.

33. Plaintiff brings this action pursuant to Ohio Revised Code Section 2307.60.

34. Pursuant to Ohio Revised Code Section 2307.60, anyone injured by a criminal act may recover full damages in a civil action, including but not limited to emotional distress damages.

35. Plaintiff has been injured by Defendants' criminal actions.

36. Brentley has committed a criminal act pursuant Ohio Revised Code Section 4111.99 in conjunction with Ohio Revised Code Section 4111.13(C) by paying Plaintiff at a rate less than the rate applicable under Ohio Revised Code Sections 4111.10 to 4111.17 by not paying him for all overtime hours owed.

37. Brentley has committed a criminal act pursuant to Ohio Revised Code Section 4113.99 in conjunction Ohio Revised Code Section 4113.15 by failing to pay Plaintiff the wages he is owed within thirty days of the regularly scheduled payday.

38. Brentley has committed a criminal act pursuant to the 29 U.S. Code Section 216(a) in conjunction with 29 U.S. Code Section 215(a)(2) by willfully not paying Plaintiff all overtime pay that he is owed under 29 U.S. Code Section 207.

39. Brentley acted with actual malice, entitling Plaintiff to punitive damages.

40. Plaintiff is entitled to his statutory attorney's fees and costs pursuant to Ohio Revised Code Section 2307.60.

WHEREFORE, Plaintiff demands judgment against Defendants for his unpaid overtime, liquidated damages for failure to pay overtime, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory

4

damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Julian K. Meyer, Esq.
Stephan I. Voudris, Esq. (0055795)
Voudris Law LLC
Julian K. Meyer, Esq. (0104320)
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
jmeyer@voudrislaw.com
440-730-4152
440-543-0721 (fax)

*Counsel for Plaintiff*